IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIX SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-CV-0806-N |
| SLJ COMPANY, LLC, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

This Order addresses Plaintiff AIX Specialty Insurance Company's ("AIX") motion for summary judgment [Doc. 17]. The Court grants the motion.[1]

### I. THE PARTIES DISPUTE THE EXTENT OF INSURANCE COVERAGE

This lawsuit is about the extent to which AIX must defend and indemnify Defendants SLJ Company, LLC ("SLJ") and 2540 EA, Ltd. ("2540"). AIX and SLJ entered into a commercial general liability agreement, policy number IPZ-CL-0020249-0, which covers the period May 8, 2012 to May 8, 2013 (the "Policy"). The Policy contains the following relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

---

[1]The Court also grants Defendants SLJ Company, LLC and 2540 EA, Ltd's motion to extend time to file response [20].

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

. . . .

**SECTION V – DEFINITIONS**

. . . .

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . . .

**17.** "Property damage" means:

**a**. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b**. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Pl.'s Mot. Summary J. App. 003–018 [19].    The Policy also includes the following relevant exclusion:

**2. Exclusions**

This insurance does not apply to:

. . . .

**c.  Liquor Liability**

ORDER – PAGE 2

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

*See id.* at 004. The parties dispute the extent of AIX's coverage. Specifically, AIX asserts that it does not have the duty to defend or indemnify Defendants with respect to the underlying lawsuit styled *In re: Jennifer Rosenberg and Rick Ford, Individually and as Heirs of the Estate of Alex Elizabeth Ford v. Cowboys Dancehall LLC, Cowboys Concert Hall-Arlington, Inc., Arlington Cowboys Concert Hall, Ltd., 2540 EA, Ltd., and SLJ Company, LLC*, Cause No. 141-265756, which is pending in the 141st Judicial District Court of Tarrant County, Texas (the "*Rosenberg* Lawsuit"). The *Rosenberg* Lawsuit arises out of a fatal head-on car accident that occurred on June 21, 2012 and was allegedly caused by a drunk driver who was over-served alcohol at the Cowboys Dancehall by Cowboys Dancehall Dallas LLC, Cowboys Concert Hall-Arlington, Inc., and Arlington Cowboys Concert Hall, Ltd. (collectively, the "Cowboys Dancehall Defendants"). *Rosenberg* Plaintiff's Third Amended Original Petition contains the following allegations regarding Defendants 2540 and SLJ:

16. 2540 EA, Ltd. is owner of the real property where Cowboys Dancehall is located. SLJ Company, LLC is the general partner of 2540 EA, Ltd. On information and belief, 2540 leases the Cowboys Dancehall premises to Arlington Cowboys Concert Hall and/or Cowboys Concert Hall-Arlington. In

ORDER – PAGE 3

addition, on information and belief, 2540 utilized a variety of undisclosed agreements to drain the profits of the entities operating Cowboys Dancehall to render it judgment proof against creditors' claims.

. . . .

21.  Defendants 2540 and SLJ should be held vicariously liable for Plaintiffs' damages because they are alter egos of the Cowboys Dancehall Defendants. The alter egos and the corporations have a unified existence; thus, treating them as separate entities is unfair because the Cowboys Dancehall Defendants are a mere tool or conduit for the alter egos.

22.  Additionally, the corporate veil should be pierced under the "sham to perpetrate a fraud" theory and the "illegal purpose" theory, thus holding Defendants 2540 and SLJ responsible for any and all damages assessed against the Cowboys Dancehall Defendants in connection with this suit. Based on information and belief, Defendants' corporate forms should be disregarded because the corporate forms: (1) are being used as shams to perpetrate an actual or constructive fraud on parties such as Plaintiffs; (2) are being used as a mere tool or business conduit of one another; (3) were used to evade existing legal obligations to third-parties such as Plaintiffs; and/or (4) were inadequately capitalized with the effect of creating an injustice.

23.  Through the alter ego theory, the "sham to perpetrate a fraud" theory and/or the "illegal purpose" theory, the corporate forms can be disregarded and Defendants 2540 and SLJ are vicariously liable for all wrongful conduct and causes of action Plaintiffs' asserted against the Cowboys Dancehall Defendants, including all damages the Cowboys Dancehall Defendants owe to Plaintiffs for committing torts against Plaintiffs. Equity demands piercing of the corporate veil and/or a disregard of the corporate entities to avoid use of the corporate form as an unfair device.

*See* Pls.' Third Amended Original Petition, *in* Mot. Summary J. App. 062–070 ("*Rosenberg*

Pls.' Third Amended Original Petition").

On March 14, 2014, AIX filed suit in this Court seeking a declaratory judgment that

it does not have a duty to defend and indemnify Defendants for the claims in the *Rosenberg*

Lawsuit as they are not covered by the AIX Policy and 2540 is not an insured on the Policy.

ORDER – PAGE 4

*See* Pl.'s Compl. ¶ 18 [1].  In their counterclaim, Defendants seek "(1) a declaration that AIX owes SLJ a duty to defend in the Underlying Action; (2) a declaration that AIX owes 2540 a duty to defend in the Underlying action; (3) a declaration that AIX owes SLJ a duty to indemnify in the Underlying Action; (4) a declaration that AIX owes 2540 a duty to indemnify in the Underlying Action; and (5) a declaration SLJ and 2540 are entitled to a reimbursement by AIX of any defense costs and liability expenses incurred by them as a result of the Underlying Action." Defs.' Answer and Counterclaim ¶ 45 [8].  Defendants also seek damages relating to breach of contract and breach of fiduciary duty. *Id.* ¶¶ 46–47.  AIX now moves for summary judgment.[2]

## II.  THE COURT GRANTS SUMMARY JUDGMENT IN FAVOR OF AIX

### A.  *Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making

---

[2]"The duty to defend and the duty to indemnify are distinct and separate duties." *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002).  In Plaintiffs' Fourth Amended Original Petition in the *Rosenberg* Lawsuit, Plaintiffs dropped the claims against SLJ and 2540. *See* Pls.' Fourth Amended Original Petition, *in* Mot. Summary J. App. 073–085. As SLJ and 2540 are no longer defendants in the underlying action, the *Rosenberg* Plaintiffs cannot receive a judgment against them.  Accordingly, the issue of whether AIX has any obligation to *indemnify* Defendants in this action is moot.  The parties agree that the right-to-indemnify issue is moot. *See* Pl.'s Mot. Summary J. Br. 3 ("[The Fourth Amended Original Petition] effectively dismisses all claims against them in the Underlying Action and mooting any potential indemnity claim against AIX."); Defs.' Resp. 3 ("Plaintiff's request for judgment on the question of indemnity is moot.").  The Court still must consider, however, the extent to which AIX had a duty to defend Defendants in the underlying action.

ORDER – PAGE 5

this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City*

*of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B.  AIX Is Entitled to a Declaratory Judgment that the Policy Does Not Cover the Rosenberg Lawsuit

Under Texas law, an insurer's duty to defend its insured is determined by the so-called "eight corners" rule.  Under this rule, a court looks only to the four corners of the insurance policy in question and the four corners of the complaint in the underlying case in making its determination.  *See Allstate Ins. Co. v. Disability Servs. of the Sw. Inc.*, 400 F.3d 260, 263 (5th Cir. 2005); *Burlington N. & Santa Fe Ry. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 334 S.W.3d 217, 219 (Tex. 2011).  A court interprets the allegations in the underlying complaint liberally and presumes that they are true.  *See Disability Servs.*, 400 F.3d at 263 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)).  Courts "examine the factual allegations showing the origin of the damages rather than the legal theories asserted by the plaintiff."  *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 99 F.3d 695, 704 (5th Cir. 1996) (collecting Texas cases).

Generally, an insurer must defend the entire underlying suit if the insurance policy in question covers any part of that suit.  *See St. Paul Fire & Marine Ins. Co. v. Greentree Fin. Corp.-Tex.*, 249 F.3d 389, 391 (5th Cir. 2001).  "If the petition only alleges facts excluded by the policy, the insurer is not required to defend."  *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982).  "The burden is on the insured to show that a claim against him is potentially within the scope of coverage under the policies; however,

if the insurer relies on the policy's exclusions, it bears the burden of proving that one or more of those exclusions apply." *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999).

AIX has no duty to defend SLJ or 2540 in the *Rosenberg* Lawsuit.[3]   Under the Policy's terms, AIX has no duty to defend against claims for bodily injury due to over-serving an intoxicated individual.  This exclusion from coverage encompasses the precise allegations in the *Rosenberg* Lawsuit.  The Third Amended Original Petition alleges that the Cowboys Dancehall Defendants sold alcoholic beverages to the drunk driver when he was obviously intoxicated and in violation of the Texas Alcohol and Beverage Code.  *See Rosenberg* Pls.' Third Amended Original Petition ¶ 19.   It further alleges that "Cowboys Dancehall sold and served alcoholic beverages, containing more than one-half percent of alcohol by volume, to [the drunk driver]."  *Id.* ¶ 18.  Plaintiffs in the *Rosenberg* Lawsuit maintain that the SLJ and 2540 are vicariously liable for the actions of the Cowboys Dancehall Defendants because they are the alter egos of the Cowboys Dancehall Defendants. *Id.* ¶ 21.   They also maintain the corporate veil should be pierced under the "sham to perpetrate a fraud" and "illegal purpose" theories.  *Id.* ¶ 22–23.

Defendants maintain that the Liquor Liability Exclusion does not apply.  The Court disagrees.  The *Rosenberg* petition maintains that SLJ and 2540 are the alter egos of the Cowboys Dancehall Defendants.  "Alter ego applies when there is such unity between

---

[3]In interpreting an insurance contract, the Court applies the same rules that govern the interpretation of other contracts. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).

ORDER – PAGE 8

corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). Because the *Rosenberg* Plaintiffs are treating the Cowboys Dancehall Defendants and Defendants in this action as one-and-the-same, *see Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 743 (Tex. App. – Houston [1st Dist.] 1992, writ denied) (noting that under the alter ego theory, "the agent and the principal are treated as one"), the *Rosenberg* Plaintiffs are essentially directing their alcohol allegations at SLJ and 2540. As these allegations are expressly precluded by way of the Liquor Liability Exclusion, AIX has no duty to defend SLJ and 2540.

Defendants argue that because the facts supporting the claim of alter ego do not implicate the Liquor Liability Exclusion, it does not apply to the alter ego claims. This argument is based on an implicit assumption that alter ego liability is a freestanding claim that exists independently. But it is not. Alter ego is a theory of vicarious liability by which one legal entity is held liable for the acts of another. There must be an underlying claim, which here is overserving. Because *that* claim implicates the Liquor Liability Exclusion, a claim of vicarious liability for that same claim also implicates the exclusion, and AIX has no duty to defend SLJ and 2540.

Defendants also maintain that the *Rosenberg* petition triggers coverage because it asserts a premises liability claim against them and such a claim is not excluded under the Policy. The *Rosenberg* petition does not assert a premises liability claim against SLJ or 2540. Regardless, it is the allegations showing the origin of damages that are sought, *not* the

legal theory of recovery that determine coverage. *Canutillo Indep. Sch. Dist.*, 99 F.3d at 703. The Court has already determined that allegations in the Third Amended Original Petition are expressly contemplated by the Liquor Liability Exclusion. Accordingly, the Court determines that AIX had no duty to defend SLJ or 2540 in the underlying action.[4]

### C.  AIX Is Entitled to Judgment As a Matter of Law on SLJ and 2540's Counterclaims

The Court grants summary judgment in favor of AIX on Defendants' request for a declaratory judgment and breach of contract claim. The Court has determined that AIX has no duty to defend SLJ and 2540 in the *Rosenberg* Lawsuit under the Policy. Accordingly, SLJ and 2540 cannot prevail on their request for a declaratory judgment that AIX *does* have a duty to defend. Additionally, they cannot prevail on their claim that AIX breached the Policy by refusing to defend.

AIX is also entitled to summary judgment on Defendants' bad faith claim. "As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered."[5] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). "When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). As there is no

---

[4]Having determined that AIX has no duty to defend SLJ and 2540 from the allegations in the *Rosenberg* Lawsuit, the Court need not address the separate issue of whether 2540 is an insured under the Policy.

[5]A bad faith claim might survive, however, if "in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Here, there is no evidence of extreme conduct on behalf of AIX.

duty to defend, Defendants cannot prevail on their bad faith claim.  Accordingly, the Court grants summary judgment in favor of AIX on the bad faith claim.

CONCLUSION

The Court grants AIX's motion for summary judgment.

Signed March 24, 2015.


David C. Godbey
United States District Judge

ORDER – PAGE 11